IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CR. No. C-07-464 |
| | § | |
| RUBEN MUNGIA, JR., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING LETTER MOTION FOR REDUCED SENTENCE**

On August 18, 2090, the Clerk received a letter motion from Ruben Mungia, Jr. ("Mungia"). (D.E. 32.) In it, Mungia asks that he be given a reduction in his sentence. In support of his request, he explains that he was assaulted while incarcerated and has been housed in a Special Housing Unit since July 13, 2008, after the BOP's determination that he needed protection from further assaults. He also sets forth in great detail medical problems that he alleges are being suffered by his young daughter and his wife. He states that his family needs him. He explains that he has "learned a good lesson in life," and understands that his mistakes have hurt those he loves the most. In light of these circumstances, he asks that the Court consider granting him a reduced sentence. He further asserts that he "would be willing" to accept an additional two years of supervised release on his sentence if the Court can either grant him a time reduction, order him assigned to a half-way house or order that he be placed on house arrest.

1

Mungia pleaded guilty to the sole count of the indictment against him, which charged him with possession with intent to distribute approximately 71.5 kilograms of marijuana. (D.E. 7, 11.) On January 10, 2008, the Court sentenced him to 78 months in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release. (D.E. 18, 19.) Final judgment was entered on January 15, 2008. Mungia appealed and the Fifth Circuit affirmed his sentence in a per curiam opinion issued October 20, 2008. (D.E. 16, 29.) The instant motion is his first post-conviction motion.

Although Mungia asks for a reduction in his sentence, this Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See § 3582(c).

Mungia fails to assert grounds for modification that fall into any of the categories

above. Thus, this Court is without authority to reduce his sentence and his motion (D.E. 32) is DENIED.

It is so ORDERED this 1st day of September, 2009.

_____
HAYDEN HEAD
CHIEF JUDGE